IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDOLPH CLAY COOPER, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER: |
| | ) | 1:21-cv-00324 |
| SHAWN LUCAS LISTER, an individual; | ) | |
| AARON GLASS, an individual; ZACH KUIKEN, | ) | |
| an individual; and, the TOWN OF LOXLEY, | ) | |
| ALABAMA, a municipal corporation; | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff Randolph Clay Cooper and amends the Complaint heretofore filed in this action to complain against the above-named defendants as follows:

**Introduction**

1. This is an action for money damages pursuant to 42 U.S.C. §1983 against the DEFENDANTS SHAWN LUCAS LISTER, SGT. AARON GLASS, LT. ZACH KUIKEN, all of whom were, at all times material to the claims stated herein, police officers for the Town of Loxley, Alabama; and the TOWN OF LOXLEY, ALABAMA, for violation of the PLAINTIFF RANDOLPH CLAY COOPER's Constitutional rights. The Plaintiff Randolph Clay Cooper alleges that on or about May 27, 2020, the Loxley police officers Shawn Lucas Lister, Sgt. Aaron Glass and Lt. Zach Kuiken committed assaults and batteries against Mr. Cooper while conducting an unlawful arrest of Mr. Cooper; and that the Town of Loxley, Alabama, through systematic deficiencies in its customs and policies and with deliberate indifference to the rights

of Mr. Cooper, failed to train or properly supervise said officers regarding the jurisdictional and legal limitations of the municipality's authority to arrest and failed to train or properly supervise said officers regarding the use of force during arrests of compliant individuals, with the foreseeable result that the said officers acted outside legal authority, wrongfully causing the arrest, assault, battery and imprisonment of the Plaintiff.

## Jurisdiction

2.      This action being founded upon a federal question, jurisdiction is conferred on this Honorable Court pursuant to 28 U.S.C. §1331.

## Venue

3.      Jurisdiction being founded upon a federal question, this action is brought in the district in which the events giving rise to these claims occurred, pursuant to 28 U.S.C. §1391(b)(2).

## Parties

4.      The Plaintiff RANDOLPH CLAY COOPER is over the age of nineteen (19) years, a citizen of the United States and a resident of Baldwin County, State of Alabama.

5.      The Defendant SHAWN LUCAS LISTER was, at all times material hereto, acting under color of law as a police officer for the Town of Loxley, Alabama.  He is sued in his individual capacity.

6.      The Defendant AARON GLASS was, at all times material hereto, acting under color of law as a sergeant with the police department for the Town of Loxley, Alabama, with supervisory authority over defendant Shawn Lucas Lister. He is sued in his individual capacity.

7.      The Defendant ZACH KUIKEN was, at all times material hereto, acting under color of law as a lieutenant with the police department for the Town of Loxley, Alabama, with

supervisory authority over defendants Shawn Lucas Lister and Aaron Glass. He is sued in his individual and official capacities.

8. The Defendant TOWN OF LOXLEY, ALABAMA, is a municipal corporation organized and operating pursuant to the law of the State of Alabama, and which, pursuant to the United States 2020 decennial census and Ala. Code §11-40-6, is to be designated as a "city", which said city is, or will be when established, responsible for the wrongful acts of the Town of Loxley, Alabama, complained of herein.

### Facts

9. On or about the 27th day of May, 2020, while the Plaintiff RANDOLPH CLAY COOPER (hereinafter "Mr. Cooper") was lawfully operating a tractor on property jointly owned by himself and his two siblings located at 19540 County Road 64, Robertsdale, Alabama 36567 (hereinafter "the Property"), the defendants SHAWN LUCAS LISTER, SGT. AARON GLASS, LT. ZACH KUIKEN (hereinafter collectively referred to as "the defendant officers") illegally, unlawfully, wrongfully, maliciously and intentionally trespassed onto the Property, and demanded that Mr. Cooper dismount the tractor, all while pointing handgun(s) and taser(s) (or similar electroshock weapons) at Mr. Cooper.

10. Plaintiff specifically alleges that on said date, the property located at 19540 County Road 64, Robertsdale, Alabama 36567, was not within the police jurisdiction of the Town of Loxley, Alabama.

11. Mr. Cooper initially advised the defendant officers that they were trespassing on his property and that he would surrender to the Baldwin County Sheriff's Office if an arrest was warranted.

12. The defendant officers then chased Mr. Cooper, pointed handgun(s) and taser(s)

(or similar electroshock weapons) at him and threatened him with bodily harm.

13. Mr. Cooper then dismounted the tractor and complied with the defendant officers' demands to lie face-down on the ground.

14. While Plaintiff was complying with the demands of the defendant officers, laying face-down on the ground, the defendant officers assailed the Plaintiff, pinning the Plaintiff to the ground by pushing their knee(s) into Plaintiff's neck, upper and lower back and left shoulder.

15. Plaintiff was then arrested, taken into custody and incarcerated in the municipal jail of the Town of Robertsdale, Alabama, until approximately 5:00 p.m. on May 27, 2020, and his truck, tractor and trailer were seized and towed from the Property.

16. Plaintiff specifically alleges that Lt. Zach Kuiken and Sgt. Aaron Glass were in supervisory capacities and were responsible for providing supervision, guidance and direction to the defendant Shawn Lucas Lister, a subordinate officer, and that the guidance, supervision and direction provided to officer Lister, as well as the participation by Lt. Kuiken and Sgt. Glass in the said arrest, evidences a custom, practice or policy of the defendant Town of Loxley, Alabama, which permitted or encouraged the illegal arrest of the Plaintiff, and permitted or encouraged the use of excessive force while arresting the Plaintiff.

17. That, upon information and belief, the said arrest of the Plaintiff was made pursuant to an erroneous and false report from John David Bonner who falsely reported that he was an owner of the Property located at 19540 County Road 64, Robertsdale, Alabama 36567, and that Mr. Cooper was trespassing.

18. Said claim of ownership of the Property by John David Bonner was wholly false and untrue, which fact was known to the defendant officers prior to the arrest of the Plaintiff or could have been ascertained had said officers exercised reasonable diligence in performing their

duties and not neglected to make reasonable and necessary factual investigation of the aforementioned claim of trespassing.

19. Plaintiff specifically alleges that the defendant officers were aware of the civil actions pending between the Plaintiff and his siblings involving title to the said Property prior to the time said officers appeared at the Property on the date of the arrest made the basis of this Complaint.

20. Plaintiff further alleges that the defendant officers were presented with documentary evidence of Plaintiff's ownership interest in said Property and given the opportunity to speak with Plaintiff's attorney prior to the said arrest of the Plaintiff.

21. On or about the 3rd day of September, 2020, an Order was entered by the Municipal Court for the Town of Loxley, Alabama, dismissing (nolle prosequing) the said trespass charge against the Plaintiff and discharging the plaintiff.

22. Plaintiff specifically alleges that the foregoing acts and omissions by the defendant officers on the date of Plaintiff's said arrest resulted from the Defendant TOWN OF LOXLEY, ALABAMA's failure to properly train and supervise its officers in the fundamental laws of jurisdiction, arrest and use of force, and from customs and policies of the said Town that failed to ensure that its officers properly understood and enforced the legal limitations of jurisdiction and arrest, which customs and policies caused the police officers of said municipality to believe that the determination of the power to arrest, outside their geographical jurisdiction, and to make determinations regarding civil real-property disputes, was within their discretion and that complaints of unlawful arrests or excessive force would not be properly investigated, leading to the foreseeable result that officers would be likely to illegally arrest and to use improper force against individuals.

23. Plaintiff specifically alleges that the arrest at issue is one of multiple similar violations of his Constitutional rights by police officers employed by the Defendant Town of Loxley, Alabama, including:

   A. Plaintiff alleges that on or about the 14th day of September, 2019, Plaintiff was arrested by defendant Aaron Glass and other police officer(s) with the Town of Loxley, Alabama, and charged with trespassing at the Property; which case was also dismissed (nolle prosequied), upon the failure of the complaining witness (John David Bonner) to appear for trial.

   B. Plaintiff alleges that on or about the 24th day of May, 2021, Plaintiff was arrested for an alleged theft of hay from the Property, which arrest, open information and belief, resulted from inaccurate or incomplete information being presented to a grand jury by Lt. Zach Kuiken, Lt. Raymond Anthony Lovell or other police officers employed by the Defendant Town of Loxley, Alabama, which case currently remains pending as Baldwin County, Alabama, case number CC 2021-900088.

24. Plaintiff further alleges that on or about September 24, 2019, Plaintiff caused a letter to be delivered, by United States Postal Service certified mail, article number 7019 0160 0000 9974 4067, addressed to the defendant Lt. Zach Kuiken and Lt. Raymond Anthony Lovell of the Loxley Police Department regarding Plaintiff's ownership interest in the Property and the alleged theft of hay from the Property.

25. Plaintiff specifically alleges that his May 27, 2020, wrongful arrest for trespassing at the Property subsequent to the delivery of said certified letter to the Loxley Police Department, and subsequent to the September 14, 2019, arrest for trespassing at the same location, along with the May 24, 2021, arrest of Plaintiff for an alleged theft of hay from the Property, resulted from policy statement(s) or decision(s) officially adopted or promulgated by the police department for

the Town of Loxley, Alabama, whose edicts or acts may fairly be said to represent official policy for the said Town and indicated an acquiescence to the unlawful arrest of the Plaintiff or failure of the said Town to adopt policies that prevent the such violations of citizens' Constitutional rights by its police officers.

### First Cause of Action
### (Deprivation of Civil Rights - 42 U.S.C. § 1983)

26. Plaintiff adopts and realleges the preceding paragraphs numbered 1 through 25 of this Complaint as though fully set forth herein.

27. Plaintiff alleges that on or about the 27th day of May, 2020, the defendant officers acted under color of state law to deprive the Plaintiff of rights, privileges or immunities secured by the Constitution of the United States, including: the right to be free from unreasonable seizures guaranteed by the Fourth Amendment to the Constitution, and the rights to equal protection, to be free from deprivations of liberty and to be free from unreasonable physical seizures guaranteed by the Fourteenth Amendment to the Constitution.

28. Plaintiff further specifically alleges that the said actions by the defendant officers resulted from deficiencies in the training and supervision provided to said officers; and reflects a deliberate policy or custom of indifference by the Defendant Town of Loxley, Alabama, to the need for such training and supervision, which indifference was likely to result in violations of citizens' rights by the town's police officers.

29. As a direct and proximate result of the aforesaid actions of each of the said Defendants the Plaintiff Randolph Clay Cooper was deprived of his said Constitutional rights, was caused to suffer injuries to his neck, back and left shoulder requiring medical treatment and consequent medical expenses, was prevented from going about his normal daily activities, was

caused to suffer fear, pain, humiliation, embarrassment and defamation of his character and reputation, and was caused to incur expenses associated with the unlawful impoundment of his truck, trailer and tractor, legal fees and attorney fees.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, RANDOLPH CLAY COOPER, demands judgment for compensatory and punitive damages against each of the said Defendants in such amount as determined by the trier of facts, along with costs of this action, a reasonable attorney's fee pursuant to 42 U.S.C. §1988, and for such other, further and different relief as the Court may find just, proper and equitable.

Respectfully submitted,

s/ *Brian C. Isphording*
Brian C. Isphording (ISPHB8109)
Attorney for the Plaintiff
Post Office Box 657
Elberta, Alabama 36530
(251) 986-5556
bcilaw@gulftel.com

Plaintiff hereby demands trial by jury on all issues properly triable before a jury.

s/ *Brian C. Isphording*
Brian C. Isphording